Dear Ms. Martin:
Your correspondence of recent date asks this office to re-examine Attorney General Opinion 88-178 as it may be applicable to the reasonableness of a nursing home's smoking policy imposed upon its residents. That policy provides:
SMOKING POLICY
EFFECTIVE 02 AUG 89
 RESIDENTS: All smoking residents will be allowed to smoke in the day room at their own expense, meaning they must supply their own cigarettes. Only on even hours, meaning 6, 8, 10, 12, 2, 4 etc. . . . At no time will residents be allowed to have or keep smoking material or lighters or matches. At the even hour the resident will be given one (1) cigarette and it will be lit by the nurse. Any smoking materials or lighters or matches found on any resident or in resident's room will be removed to the nurses station.
The law governing this matter is found within LSA-R.S.40:2010.8(9) providing:
2010.8. Resident's bill of rights
 A. All nursing homes shall adopt and make public a statement of the rights and responsibilities of the residents residing therein and shall treat such residents in accordance with the provisions of the statement. The statement shall assure each resident the following:
* * * * *
 (19) The right to use tobacco at his own expense under the home's safety rules and under applicable laws and rules of the state, unless the facility's written policies preclude smoking in patient rooms.
Interpreting this statute, the author of Attorney General Opinion 88-178 concluded that the nursing home may prohibit smoking at particular given times provided the regulation is areasonable rule of the nursing home. See LSA-R.S.40:2010.8(14). The author further recognized that a policy prohibiting smoking would be unreasonable as violative of a resident's "right to civil liberties" granted by LSA-R.S.40:2010.8(1).
However, the question of whether a policy adopted by the nursing home meets a standard of reasonableness is squarely within the authority of the Department of Health Hospitals as the regulatory body charged with the responsibility of examining the nursing homes. We defer to your finding of restrictiveness of the policy, but refrain from addressing the "reasonableness" aspect of the policy as a point of law.
Attorney General Opinion 88-178 is affirmed and is not to be construed as supportive of a policy which is unreasonable under those guidelines set forth in the residents' bill of rights within the provisions of LSA-R.S. 40:2010.8.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
cc: Mr. Cheney Joseph
Date Received:
Date Released: August 27, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL